[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11957
Non-Argument Calender

_____

D.C. Docket No. 3:08-cr-00062-LC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JASON BAKER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 28, 2012)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Jason Baker appeals the district court's grant of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).  He contends that the district court miscalculated his amended guidelines range.

## I.

Baker pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 or more grams of cocaine and 5 or more grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)–(iii), 846.  Baker had at least two prior felony drug convictions, so he was subject to a 10-year mandatory minimum and a maximum sentence of life.  See 21 U.S.C. § 841(b)(1)(B).  The presentence investigation report held him responsible for 1,785 grams of crack cocaine, which made his base offense level 36.  See United States Sentencing Guidelines § 2D1.1(c)(2) (Nov. 2007).  The PSR added 2 levels under § 2D1.1(b)(1) because Baker possessed a firearm and subtracted 3 levels for acceptance of responsibility under § 3E1.1.  Baker's total offense level was 35.  The PSR also concluded that Baker was a career offender under § 4B1.1(a), but because Baker's otherwise-applicable total offense level of 35 was higher than the total offense level of 34 that he was subject to as a career offender, Baker's career offender status did not change his otherwise-applicable total offense level.  See U.S.S.G. § 4B1.1(b) ("[I]f the offense level for a career offender . . . is greater than the offense level

2

otherwise applicable, the [career offender] offense level . . . shall apply.").

Baker's criminal history category was VI, and his guidelines range was 292 to 365 months in prison. The district court adopted the PSR and sentenced Baker to 328 months in prison, which was roughly the middle of his guidelines range. Later, because Baker had provided the government with substantial assistance, the court reduced Baker's sentence by 50% to 164 months under Federal Rule of Criminal Procedure 35(b).

Baker filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), contending that Amendment 750 to the guidelines had reduced his guidelines range. The district court granted Baker's motion. The court recalculated Baker's guidelines range under the career offender guideline, which led to a guidelines range of 262 to 327 months. It then reduced his sentence to 147 months, which represented a roughly 50% reduction from the middle of his amended guidelines range. See U.S.S.G. § 1B1.10(b)(2)(B) (Nov. 2011) ("If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range . . . may be appropriate.").

3

II.

Baker contends that the district court miscalculated his amended guidelines range, arguing that the court should not have used the career offender guideline. Instead, he argues, after Amendment 750, his total offense level is 33 and his amended guidelines range is 235 to 293 months. We review de novo the district court's calculation of a defendant's guidelines range. United States v. DeVegter, 439 F.3d 1299, 1303 (11th Cir. 2006).

The district court did not miscalculate Baker's amended guidelines range. When calculating a defendant's amended guidelines range under 18 U.S.C. § 3582(c)(2) in light of a retroactive amendment to the guidelines, a district court must "determine the amended guideline range that would have been applicable to the defendant if the [retroactive] amendment[] to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.1(b)(1). Amendment 750 lowered Baker's base offense level to 34, see U.S.S.G. § 2D1.1(c)(3), and he is still subject to a 2-level increase under § 2D1.1(b)(1) and entitled to a 3-level decrease under § 3E1.1. So, if Baker were not a career offender, his total offense level after Amendment 750 would be 33. Baker is a career offender, however, and because he is subject to a maximum life sentence, his career offender base offense level is 37. See id. § 4B1.1(b)(A). After a 3-level

4

decrease for acceptance of responsibility, his total career offender offense level is 34.  Because that total offense level is greater than the total offense level that would apply if he were not a career offender, the career offender total offense level applies.  See U.S.S.G. § 4B1.1(b).  So, if Amendment 750 had been in effect at the time Baker was originally sentenced, Baker's total offense level would have been 34 under the career offender guideline.  With an amended total offense level of 34 and a criminal history category of VI, Baker's amended guidelines range is 262 to 327 months in prison, which is the amended guidelines range calculated by the district court.

**AFFIRMED.**